```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                      Criminal Action No.
            Plaintiff,                1:21-cr-00566-RCL-1
                                      Thursday, January 4, 2024
v.                                    12:40 p.m.

DAVID NICHOLAS DEMPSEY,

            Defendant.
- - - - - - - - - - - - - - - x
```
_____

                TRANSCRIPT OF PLEA AGREEMENT HEARING
           HELD BEFORE THE HONORABLE ROYCE C. LAMBERTH
                    UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

For the United States:            **AMY C. COLLINS, ESQ.**
                                  **CRIMINAL DEFENSE TEAM**
                                  888 17th Street, N.W.,
                                  Suite 1200
                                  Washington, DC 20006
                                  (228) 424-0609
                                  amy@amyccollinslaw.com

For the Defendant:                **CAROLINA NEVIN, ESQ.**
                                  **UNITED STATES ATTORNEY'S OFFICE**
                                  Criminal Section
                                  601 D Street NW
                                  Washington, DC 20001
                                  (202) 803-1612
                                  carolina.nevin@usdoj.gov

Court Reporter:                   Lisa A. Moreira, RDR, CRR
                                  Official Court Reporter
                                  U.S. Courthouse, Room 6718
                                  333 Constitution Avenue, NW
                                  Washington, DC  20001
                                  (202) 354-3187

```
 1                    P R O C E E D I N G S
 2          THE COURTROOM DEPUTY:  This is Criminal Case
 3   21-566, United States of America v. David Nicholas Dempsey.
 4          Starting with the government, please approach the
 5   podium and state your appearance for the record.
 6          MS. NEVIN:  Good afternoon, Your Honor; Carolina
 7   Nevin for the United States.
 8          MS. COLLINS:  Good afternoon, Your Honor; Amy
 9   Collins on behalf of Mr. Dempsey, who is present.
10          THE COURT:  Mr. Dempsey, if you'd come forward to
11   the podium and would you bring a copy of the second
12   superseding there with you.  I understand you wish to enter
13   a plea of guilty on this information in this case.  I have
14   to go over a series of questions to ensure that you fully
15   understand your rights and that you're doing this voluntary,
16   so first I'll ask the clerk to place you under oath.
17          Mr. Dempsey, if you'll raise your right hand.
18          (Defendant sworn)
19          THE COURT:  Your answers to my questions are
20   subject to the penalty of perjury or making a false
21   statement, if you don't answer my questions truthfully.  Do
22   you understand that?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Does counsel have any question as to
25   the defendant's competency to enter a plea at this time?
```

1          MS. COLLINS:  No, Your Honor.
2          MS. NEVIN:  No, Your Honor.
3          THE COURT:  All right.  I find the defendant is
4    competent.  Have you had adequate time and opportunity now
5    to discuss this case with Ms. Collins, your attorney?
6          THE DEFENDANT:  Yes, Your Honor.
7          THE COURT:  Are you satisfied with Ms. Collins's
8    representation of you in this matter?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  Do you understand that under the
11   Constitution and laws of the United States you're entitled
12   to a trial by jury on these charges?
13         THE DEFENDANT:  Yes, Your Honor.
14         THE COURT:  I want to go over the charges with you
15   since you weren't previously arraigned on these charges.
16         This is a superseding information.  Do you have a
17   copy right there in front of you?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Okay.  Count 1 reads:  On or about
20   January 6, 2021, at around 4:11 p.m., within the District of
21   Columbia, you, using a deadly and dangerous weapon, that is,
22   pepper spray, did forcibly assault, resist, oppose, impede,
23   intimidate, and interfere with an officer and employee of
24   the United States or any branch of the United States
25   government (including any member of the uniformed services),

1     and any person assisting such officer and employee, that is,
2     Detective PN, an officer from the Metropolitan Police
3     Department, while such officer or employee was engaged in or
4     on account of the performance of official duties, and where
5     the acts in this violation of this section involve physical
6     contact with the victim and the intent to commit another
7     felony.
8              So that charge is actually called assaulting,
9     resisting, or impeding certain officers using a dangerous
10    weapon in violation of law.  So that would be Count 1.
11             And then on the next page, Count 2, is on or about
12    January 6, 2021, at around 4:12 p.m. within the District of
13    Columbia, you, using a deadly and dangerous weapon, that is,
14    a metal crutch, did forcibly assault, resist, oppose,
15    impede, intimidate, and interfere with an officer and
16    employee of the United States or any branch of the United
17    States government (including any member of the uniformed
18    services), and any person assisting such officer and
19    employee, that is Sergeant JM, an officer from the
20    Metropolitan Police Department, while such officer or
21    employee was engaged in or on account of the performance of
22    official duties and where the acts in violation of this
23    section involve physical contact with the victim and the
24    intent to commit another felony.
25             So, again, that's assaulting, resisting, or

1   impeding certain officers using a dangerous weapon in
2   violation of law.
3           So that's the two counts that are in this
4   superseding indictment that you'd be pleading guilty to.  Do
5   you understand that's what the charges actually are?
6           THE DEFENDANT:  Yes, Your Honor.
7           THE COURT:  Now, under the Constitution and laws
8   of the United States, you would be entitled to a trial by
9   jury on those two charges.  Do you understand that?
10          THE DEFENDANT:  Yes.
11          THE COURT:  If there were a trial, you'd be
12  presumed to be innocent.  The government would be required
13  to prove you guilty with competent evidence beyond a
14  reasonable doubt before you could be found guilty.
15          THE DEFENDANT:  Yes.
16          THE COURT:  Do you understand that if there were a
17  trial, witnesses from the government would have to come to
18  court and testify in your presence?  Your attorney can
19  cross-examine those witnesses, could object to evidence
20  offered by the prosecutor, and could offer evidence on your
21  behalf.
22          THE DEFENDANT:  Yes.
23          THE COURT:  Do you understand you have the right
24  to testify at your trial, but you also have the right not to
25  testify, and no inference or suggestion of guilt could be

1   drawn from the fact that you did not testify?
2           THE DEFENDANT:  Yes.
3           THE COURT:  Do you understand, if I accept your
4   plea, you'll waive these rights?  There will be no trial,
5   and I'll enter a judgment of guilty on your plea alone
6   today.
7           THE DEFENDANT:  Yes.
8           THE COURT:  Do you understand, if you plead
9   guilty, you'll also waive your right not to incriminate
10  yourself since you must acknowledge that you are guilty
11  before I accept your plea?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Having discussed your rights with you,
14  do you still wish to plead guilty?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Okay.  Now, I'm told by counsel in the
17  plea agreement here that the maximum penalty on each charge
18  is a sentence of 20 years in prison, a fine of $250,000 or
19  twice the pecuniary gain or loss, a term of supervised
20  release of not more than three years, and obligation to pay
21  interest and penalties on fines and restitution not timely
22  paid.  So that the term of imprisonment could run
23  consecutive for a total maximum term of 40 years, and there
24  is a special assessment of $100 per count required to be
25  imposed by law.

1           So you understand that's what the maximum possible
2    penalty is?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Now, you and Ms. Collins have talked
5    about the sentence commission guidelines and how they might
6    apply in your case; is that correct?
7           THE DEFENDANT:  Yes, Your Honor.
8           THE COURT:  Do you understand I won't actually be
9    able to determine the guidelines in the case until after I
10   get a presentence report and you and the government have the
11   opportunity to challenge the facts in the presentence
12   report?  Do you understand that?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand under some
15   circumstances I have authority to go above or below the
16   guidelines that are in the report and will hear argument
17   about what the guidelines should be?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Do you understand also that either you
20   or the government may have the right to appeal whatever
21   sentence I decide upon?
22          THE DEFENDANT:  Yes.
23          THE COURT:  Has anyone threatened you or anyone
24   else or forced you in any way to enter this plea agreement?
25          THE DEFENDANT:  No.

1           THE COURT:  I'm going to hand down the plea
2  agreement here and ask you if you'll look at that last page
3  and tell me if that's your signature.
4           THE DEFENDANT:  Yes.
5           THE COURT:  Okay.  Ms. Collins, would you give us
6  a brief description of the agreement so I can be sure the
7  defendant understands it.
8           I'm going to ask you, Mr. Dempsey, then, if
9  you have any questions at all about the agreement itself
10 because I'm the one that can resolve it, if you have any
11 questions.
12          MS. COLLINS:  So, Your Honor, we have --
13 the parties have reached an agreement as it relates to
14 Mr. Dempsey's plea in this case.  So he's pleaing to two
15 counts of the superseding information as Your Honor has
16 mentioned, and we have agreed to certain sentencing
17 enhancements in this case, if those are applicable.
18          We've also agreed to leave open the criminal
19 history argument as it relates to the criminal history
20 category, and there are rights Mr. Dempsey has waived, but
21 he has not waived ineffective assistance or any other rights
22 that he constitutionally cannot waive.
23          Would Your Honor like me to continue?
24          THE COURT:  No, that's okay.
25          Do you understand all that?

1             THE DEFENDANT:  Yes.
2             THE COURT:  Do you have any questions at all about
3    it?
4             THE DEFENDANT:  No.
5             THE COURT:  Okay.  Has anyone made any prediction
6    or promise as to what sentence I'll give you in this case?
7             THE DEFENDANT:  No.
8             THE COURT:  You understand they can't.  I don't
9    know myself right now.
10            I'll get a presentence report.  I'll hear from you
11   and your attorney and from the government at the time of
12   sentencing.  Do you understand that?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Now, I also was handed up this
15   document called the statement of the offense, and I want to
16   hand that down to you, too, and see if that's your signature
17   on the last page there of that.
18            THE DEFENDANT:  Yes.
19            THE COURT:  Now, did you go over that carefully
20   with Ms. Collins?
21            THE DEFENDANT:  Yeah.
22            THE COURT:  Word for word?
23            THE DEFENDANT:  Yes.
24            THE COURT:  So is that what really happened?
25            THE DEFENDANT:  Yes.

1    THE COURT: So you are, in fact, guilty of these
2 two offenses --
3    THE DEFENDANT: Yes, Your Honor.
4    THE COURT: -- that I just read to you?
5    THE DEFENDANT: Yes.
6    THE COURT: Okay.
7    All right. Mr. Dempsey, since you acknowledge
8 that you are guilty as charged, since your know your right
9 to trial, since you know what the maximum possible
10 punishment is, and since I've discussed the sentencing
11 guidelines with you, since I hereby find you voluntary
12 pleading guilty, I accept your guilty plea. I enter
13 judgment of guilty on both of your counts of the superseding
14 information.
15    You may be seated. I'll fiat both of these
16 documents.
17    Right now, because of the backlog of cases, it's
18 taking 120 days to get a presentence report, so I think
19 we're looking at -- let me see what the calendar has -- May.
20    THE COURTROOM DEPUTY: The week of May 6th.
21    THE COURT: The week of May 6th, so did we set
22 something for the 7th already at noon?
23    THE COURTROOM DEPUTY: No, we haven't.
24    THE COURT: How about May 7th at 12:30? Would
25 that look like a good time for sentencing?

1               MS. COLLINS:  Your Honor, I'm unavailable.  I'll
2    be in Arizona for another matter on that day.  I should be
3    available later in the week though.
4               THE COURT:  What?
5               MS. COLLINS:  Pardon.  I will be unavailable
6    on May 7th for the entire day just because I'll be in
7    Arizona, but I'm available later in the week or at a later
8    date.
9               THE COURT:  May 9th?
10              MS. COLLINS:  Your Honor, that works for us.
11              THE COURT:  From the government?
12              MS. NEVIN:  Yes, Your Honor.
13              THE COURT:  Okay.  I take it that the defendant
14   waives objection to the government's request for continued
15   detention pending sentencing.
16              MS. NEVIN:  We do, Your Honor.
17              THE COURT:  Okay.  And from the plea agreement,
18   then, the defendant waives objection so the defendant will
19   be detained pending sentencing May 9th at 12:30.
20              Anything else we need to raise today?
21              MS. NEVIN:  Your Honor, I have two very quick
22   things to raise.
23              THE COURT:  Let me fiat these first.
24              Do you have the waiver with trial by jury form?
25              THE COURTROOM DEPUTY:  They both should have been

1    on the bench.
2              THE COURT:  I'm sorry?
3              THE COURTROOM DEPUTY:  They both should have been
4    on the bench.
5              THE COURT:  Oh, I see.
6              (Pause)
7              THE COURT:  Go ahead.
8              MS. NEVIN:  Your Honor, your deputy brought to our
9    attention that I had put the wrong case number on the plea
10   agreement letter.
11             THE COURT:  Okay.
12             MS. NEVIN:  So we have changed it on this copy,
13   and Ms. Collins, Mr. Dempsey, and I have initialed it, and
14   we would ask that the Court initial this one as well.
15             THE COURT:  Okay.
16             MS. NEVIN:  It should be 566, not 533.
17             THE COURT:  Right, okay.
18             MS. NEVIN:  And then we had also received a waiver
19   of indictment, and I just want to make sure that that's
20   executed and signed.
21             THE COURT:  You got it?
22             THE COURTROOM DEPUTY:  Yes.
23             THE COURT:  Okay.  Also that one.
24             MS. NEVIN:  Thank you.
25             THE COURT:  Okay.  Thanks very much, Counsel.

1   I'll see you in May.  The Court will be in recess in this
2   case, and we'll call the next case.
3              (Whereupon the hearing was
4              concluded at 12:56 p.m.)
5
6              **CERTIFICATE OF OFFICIAL COURT REPORTER**
7
8              I, LISA A. MOREIRA, RDR, CRR, do hereby
9   certify that the above and foregoing constitutes a true and
10  accurate transcript of my stenographic notes and is a full,
11  true and complete transcript of the proceedings to the best
12  of my ability.
13       Dated this 20th day of August, 2024.
14
15
                                /s/Lisa A. Moreira, RDR, CRR
16                              Official Court Reporter
                                United States Courthouse
17                              Room 6718
                                333 Constitution Avenue, NW
18                              Washington, DC 20001
19
20
21
22
23
24
25